E-FILED
Tuesday, 04 August, 2026  03:29:23 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| DANIEL LAFFERTY, ) | |
|    Plaintiff, ) | |
| ) | |
|    v. ) | Case No. 25-1514 |
| ) | |
| JOSEPH HENDERSON *et al.*, ) | |
|    Defendants. ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Daniel Lafferty, an inmate at Illinois River Correctional Center ("IRCC"),

filed a Complaint (Doc. 1) under 42 U.S.C. § 1983.

**I.     Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient

claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if

it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;

or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* Upon

review of the complaint, the court accepts the factual allegations as accurate and

construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th

Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must

be provided to "state a claim for relief that is plausible on its face." *Alexander v. United*

*States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II.   Facts Alleged

Plaintiff names IRCC Sergeant Joseph W. Henderson and Grievance Officer Lynette M. Boughan as Defendants.

On December 20, 2024, Plaintiff's cell was searched for a second time that day by Defendant Henderson and another corrections officer. Although Plaintiff acknowledges that the search resulted in seizing "miscellaneous items that amounted to nothing but a minor contraband infraction," the search resulted in confiscation of over $100 in art supplies Plaintiff had accumulated. At the subsequent disciplinary hearing, Henderson was the only Adjustment Committee member who presided over Plaintiff's disciplinary hearing. Plaintiff claims that Henderson imposed a seven-day room restriction, which Plaintiff completed. Thereafter, Plaintiff filed a grievance that Defendant Boughan processed and eventually led to the expungement of the rule violation from Plaintiff's record by the Administrative Review Board.

## III.   Analysis

Plaintiff does not state a plausible claim for the confiscation of his art supplies.

The unauthorized—negligent or intentional—loss, confiscation, or destruction of a prisoner's personal property does not violate due process where state law provides a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

In Illinois, a prisoner has an adequate remedy available to him in the Illinois Court of Claims. *See Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); *see also Sorrentino v.*

*Godinez*, 777 F.3d 410, 413 (7th Cir. 2015) ("The Illinois Court of Claims has exclusive jurisdiction over suits asserting damages to property."); Court of Claims Act, 705 ILCS 505/8(d) (limiting damages against the State for tort claims and vesting the Court of Claims with exclusive jurisdiction); *Davenport v. City of Chicago*, 653 F. Supp. 2d 885, 891 (N.D. Ill. 2009) ("Pursuant to state law, [arrestee] may file a tort claim in the Illinois Court of Claims for her property losses.").

Plaintiff's assertion that his disciplinary hearing was not before a neutral committee states a plausible Fourteenth Amendment due process claim against Defendant Henderson.

"Prisoners are entitled to be free from arbitrary actions of prison officials." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). "The protections against this arbitrary action, however, are the procedural due process requirements" relevant to the liberty interest at stake. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)l; *see also McKinney v. Meese*, 831 F.3d 728, 733 (7th Cir. 1987) (describing the informal due process requirements, which includes adjudication by a neutral committee that documents its findings); *Westefer*, 682 F.3d at 685 ("[O]nly a single prison official is needed as the *neutral* reviewer—not necessarily a committee." (emphasis added)).

However, Plaintiff does not state a claim against Defendant Boughan. "Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). "And the failure to follow a state's inmate grievance procedures is not a federal

due-process violation." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [the plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

**IT IS THEREFORE ORDERED:**

1) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states a Fourteenth Amendment Due Process claim against Defendant Henderson. Plaintiff's claim against Henderson proceeds in his individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The Clerk of the Court is DIRECTED to terminate Lynette M. Boughan as a party.**

3) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

4) **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

5) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained**

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

11) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

12) The Court directs the Clerk to attempt service on Defendant under the standard

**procedures.**

ENTERED August 4, 2026.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE